*Lane & Park, Hawes & Pottle,* contra.

---

### 3042.   GIBSON *v.* WARD.

Where, for the purpose of paying a debt, the debtor turns over to the creditor's agent, authorized to receive payment, a draft for more than the amount of the debt, and under circumstances indicating an intention that, when the draft is collected, the debt shall be paid out of it, and the balance retained for the debtor's benefit, and the draft is duly honored, and the agent receives the money, payment to the creditor is effected, though the agent fails to pay over to the creditor the money which thus came into his hands.

DECIDED JUNE 7, 1911.

Complaint; from city court of Waynesboro—Judge Davis. November 15, 1910.

*William H. Fleming,* for plaintiff, cited Civil Code (1910), §§ 5740, 4537, 3577; Tennessee Bank *v.* Moore, 3 Snead, 544, 547; Western R. Co. *v.* Roberts, 4 Philadelphia, 110; *Phœnix Ins. Co.* v. *Hamilton,* 110 *Ga.* 14; Clark & Skyles, Agency, 68.

*E. L. Brinson,* for defendant, cited Civil Code (1910), §§ 3578, 4314, 5779 ; 1, subsec. 4; *Howard* v. *Rice,* 54 *Ga.* 52; *Stewart Mfg. Co.* v. *Rau,* 92 *Ga.* 511.

POWELL, J.  Gibson held a note, secured by a deed to realty, against Ward.  He sent the note to an attorney at Waynesboro, Ga., with instructions to collect the debt.  The attorney represented another lender of money, and Ward, through the attorney, made application to this third person for the loan of an amount slightly more than sufficient to take up Gibson's debt.  (The old note amounted to about $700, and he applied for a loan of $800.)  Ward drew a draft in favor of the attorney on the person with whom this loan was negotiated, for $800, and turned it over to a clerk in the attorney's office for the purpose of paying Gibson's debt from the proceeds.  In response to this draft, the lender sent to the attorney a check, payable to the attorney, for $800.  The attorney placed the lender's check to his own account at the bank.  Soon afterward the attorney died, without ever paying over the amount to Gibson.  Gibson sued Ward upon the note.  Ward pleaded payment, and, with the foregoing facts appearing, the court directed a verdict for the defendant.  We think the correct legal result was reached.  Payment to Gibson's attorney, who had special authority to collect, was payment to Gibson.  That this is the ordinary rule is conceded; but it is insisted that no payment was made, and that when Ward turned the draft over to the attorney, and when the new lender sent his check for $800 to the attorney, the attorney held the sum as agent for Ward, and not for Gibson, and that no payment was effectuated, because there was no segregation or setting apart of that portion of the draft and of the check which was to go to Gibson.

Able counsel for the plaintiff asserts that the solution of the question depends upon whether Ward could have demanded the $800 of the attorney when the check for that sum came into his hands, and we think that this assertion is correct; but we do not assent to his minor premise that Ward could have demanded it.  The draft which Ward turned over to the attorney was turned over as an act of payment, and while a draft is not payment until the draft itself is paid, still in this case the draft was paid, and hence became payment.  Civil Code (1910), § 4314.  As the draft was paid, it seems to us that the case stands just as if Ward had turned

over to the attorney eight $100 bills, with the request that his debt to Gibson be paid out of it, and with direction to hold the remainder to his credit; and we do not think that Ward could have demanded any portion of the money back, except whatever surplus might have remained after paying the Gibson debt. While the attorney may, in a certain sense, have been a dual agent, or even a triple agent, so to speak (as he seems to have represented Gibson, Ward, and the person from whom Ward borrowed the money to pay Gibson), still the special circumstances did not make his so acting improper or unlawful, as none of his duties, under the circumstances, were in conflict.                    *Judgment affirmed.*